IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILIBERTO AVALOS,

          Plaintiff,

         v.                      CASE NO. 16-3224-SAC-DJW

UNITED STATES OF AMERICA, et al.,

          Defendants

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff is hereby required to show good cause in writing to the Honorable Sam A. Crow, United States Senior District Judge, why this action brought under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), should not be dismissed for failure to state a claim. If plaintiff fails to show good cause within the time prescribed herein, this action may be dismissed without further notice.

Mr. Avalos, while an inmate of the United States Penitentiary in Leavenworth, Kansas ("USP Leavenworth"), filed this pro se civil complaint under *Bivens.* He proceeds in forma pauperis.[1] Plaintiff alleges that defendants violated the constitution by deporting him in 2002. Specifically, plaintiff alleges that when he was sixteen years old, despite his American citizenship, he was deported to Mexico by border patrol agents at San Ysidro, California. Plaintiff alleges that during the two weeks he spent in Mexico, he was beaten, raped, and robbed.

---

[1] On November 28, 2016, the court granted plaintiff's motion for leave to proceed in forma pauperis and directed plaintiff to pay an initial partial filing fee of $5.00 within 14 days of receiving the order. Plaintiff made the initial payment on December 23, 2016.

1

He seeks $20,000,000 in compensatory damages.

The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A pro se party's complaint must be given a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a party proceeding pro se has "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Having considered plaintiff's allegations, the court finds the complaint is subject to summary dismissal for several reasons. First, sovereign immunity bars *Bivens* suits for money damages against the United States, its agencies, and its employees sued in their official capacities. *Farmer v. Perrill,* 275 F.3d 958, 963 (10th Cir. 2001). Plaintiff names as defendants the United States, the United States Border Patrol, and the unnamed border patrol officers who detained and deported plaintiff. The complaint alleges no claims against the unnamed federal employees in their individual capacities, and contains no allegations which the court could liberally construe as such. Plaintiff's complaint must therefore be dismissed because defendants are immune from suit.

Second, the complaint is subject to dismissal because plaintiff's claims are time-barred, which he acknowledges. In a *Bivens* action, the Supreme Court directs courts to look to state law

for the appropriate period of limitations in cases filed under 42 U.S.C. § 1983. *Kripp v. Luton*, 466 F.3d 1171, 1174 (10th Cir. 2006). In California, that period is two years. *Van Strum v. Lawn,* 940 F.2d 406, 408-10 (9th Cir., 1991)(*Bivens* actions subject to personal injury statute of limitations); *Cal. Civ. Proc.* § 335.1; *Maldonado v. Harris,* 370 F.3d 945, 954 (9th Cir. 2004).[2] A prisoner's civil rights complaint may be dismissed sua sponte as time-barred, typically after giving the prisoner notice of the timeliness issue and an opportunity to provide the necessary showing. *See, e.g., Starr v. Kober*, 642 Fed. App'x 914, 2016 WL 929724, at *4 (10th Cir., March 11, 2016). The court looks to state law for tolling rules, just as it does for the length of statutes of limitations. *Wallace v. Kato*, 549 U.S. 384, 395, 127 S. Ct. 1091, 1098-99 (2007). Plaintiff alleges a purported violation which occurred in 2002 – more than two years before he filed his complaint on November 9, 2016 – and the record does not establish a factual basis for tolling the statute. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (holding that when the dates given in the complaint make clear that the right sued upon has been extinguished, plaintiff has the burden to establish a factual basis for tolling the statute). Though plaintiff argues strenuously that the statute of limitations should be waived and cites various unrelated cases involving the Boy Scouts as justification, he provides no legal or factual basis for tolling the statute of limitations in this case, under these circumstances.[3]

Also pending before the court are three motions to supplement the complaint (Docs. 7, 8, and 9). If a proposed amendment cannot withstand a motion to dismiss or otherwise fails to state

---

[2] Because the conduct at issue in the complaint appears to have occurred in California, the court analyzes the limitations period under California law but notes that the same limitations period – two years – applies in Kansas. *See Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 630–31 (10th Cir. 1993) (two-year statute of limitations in K.S.A. 60–513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).

[3] Even liberally construing plaintiff's complaint as attempting to bring a claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, the court finds that complaint is still time-barred. Under 28 U.S.C. § 2401, a tort claim against the United States must be presented in writing to the appropriate Federal agency within two years after the claim accrues.

a claim, the court may refuse to grant leave to amend. *Ketchum v. Cruz,* 961 F.2d 916, 920 (10th Cir. 1992). The court has reviewed the motions and attached documents, and finds that the evidence presented does not cure the complaint's deficiencies. Plaintiff's proposed amendments are therefore futile and the court denies plaintiff's motions to supplement.

For the reasons stated herein, it appears that this action is subject to dismissal in its entirety as frivolous and for failure to state a claim. Plaintiff is therefore required to show good cause why his complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper Amended Complaint upon court-approved forms that cures all the deficiencies discussed herein. If he does not file an Amended Complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff is granted thirty (30) days in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why plaintiff's complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff may file a complete and proper Amended Complaint to cure all the deficiencies discussed herein.

**IT IS FURTHER ORDERED** that plaintiff's motions to supplement the complaint (Docs. 7, 8, and 9) are denied, without prejudice.

The clerk is directed to send forms and instructions to plaintiff.

**IT IS SO ORDERED**.

Dated this 27th day of September, 2017, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
**U. S. Senior District Judge**