IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILIBERTO AVALOS,

                Plaintiff,

vs.                                    Case No. 16-3224-SAC

UNKNOWN EMPLOYEES OF U.S.
BORDER PATROL,

                Defendants.

**O R D E R**

This case is before the court upon plaintiff's motion (Doc. No. 18) for reconsideration of the court's order (Doc. No. 14) dismissing plaintiff's action. The court dismissed plaintiff's action on the grounds that it appeared untimely upon the face of the complaint and materials filed by plaintiff. As the court stated in a previous order (Doc. No. 17) denying what the court treated as a motion to alter or amend, FED.R.CIV.P. 59(e) gives the court the discretion to reconsider a final decision if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's cause of action stems from events in 2002 when plaintiff was 16 years old. Plaintiff alleges that he was illegally arrested and detained as an illegal alien in California and later released in Mexico. During this time plaintiff was "raped, robbed, beat and left for dead." Doc. No. 13, p. 2. But, he was able to return to California in a few weeks and graduated from high school there in 2004.

Plaintiff filed this case in November 2016. This is a Bivens action. So, the limitations period and tolling provisions of California apply. As the court explained in the order dismissing this case, under these rules plaintiff's complaint is untimely on its face.

Plaintiff's motion to reconsider reiterates points plaintiff has made previously. Plaintiff notes that he was a juvenile at the time of the events in 2002 and that those events left him in shock. The court considered those points in the order dismissing this case. Plaintiff was no longer a juvenile in 2004. So, the statute of limitations period was exhausted by the time plaintiff filed this case because, for the reasons explained in the dismissal order, plaintiff's allegation of "shock" does not provide a plausible grounds to toll the running of the limitations period.

Plaintiff cites several cases in his motion to reconsider. But, these cases are not persuasive. In Marrero-Gutierrez v.

Molina, 491 F.3d 1 (1st Cir. 2007), the court held in an employment discrimination case that the limitations period began at the time of the adverse action, not the time that a plaintiff learned of the alleged illegal motivation for the adverse action. In Brown v. Ga. Bd. of Pardons and Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003), the court held that the limitations period for the plaintiff's action began to run from the date the facts which would support a cause of action were or should have been apparent. The court found that the limitations period began to run in 1995 for the plaintiff in Brown and that his action was untimely filed. Marrero-Gutierrez and Brown do not provide good grounds for modifying the court's holding in this case.

In Fratus v. DeLand, 49 F.3d 673 (10th Cir. 1995), the Tenth Circuit reversed a dismissal on the grounds that the district court improperly determined a factual issue as to the plaintiff's mental incompetency and whether it tolled the limitations period, when the district court was evaluating the case under 28 U.S.C. § 1915(d). The record in Fratus contained allegations that the plaintiff had been institutionalized for psychological treatment and that there were numerous medical reports that would establish his mental incompetency. In Neiberger v. Hawkins, 208 F.R.D. 301 (D.Colo. 2002), the court, applying Colorado law, held that an insanity determination

tolled the running of the statute of limitations. Unlike the plaintiff in Fratus, Mr. Avalos has not alleged facts plausibly supporting grounds to toll the statute of limitations. As explained in the court's dismissal order, alleging "shock" is insufficient. Unlike the plaintiff in Neiberger, plaintiff does not allege that he has been determined to be insane.

In Papa v. United States, 281 F.3d 1004 (9th Cir. 2002), the court held that the limitations period upon a Bivens claim was tolled as to some plaintiffs who were minors and that the tolling did not end when an administrative claim was filed on their behalf. Mr. Avalos reached the age of majority in 2004. The tolling of the limitations period ended then and the period was exhausted before he filed this case.

Plaintiff also makes reference to "the new Boy Scout case." Perhaps he means Doe v. Boy Scouts of America Corp., 147 A.3d 104 (Conn. 2016). The Doe case, however, does not involve a Bivens claim and does not apply the statute of limitations and tolling provisions of California. So, it is distinguishable. Finally, plaintiff mentions a heavily publicized criminal case involving sexual abuse. A criminal case, however, does not provide good precedent for the analysis of a statute of limitations issue in a civil case, like the one filed here by plaintiff.

For the above-stated reasons, the court shall deny plaintiff's motion to reconsider.

**IT IS SO ORDERED.**

Dated this 26th day of January, 2018, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge